UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20916-CR-GRAHAM/TORRES

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

HELIO CASTRONEVES,
KATIUCIA CASTRONEVES, and
ALAN R. MILLER,

        Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT
ALAN MILLER'S MOTION TO DISMISS COUNTS
THREE AND FOUR BASED ON STATUTE OF LIMITATIONS**

This matter is before the Court originally on Defendants Helio and Katiucia Castroneves' Motion to Dismiss Counts Two, Three and Four of the Indictment [D.E. 99]. Defendant Miller later joined and adopted their motion to dismiss with respect to Counts Three and Four of the Indictment. [D.E 115]. The Court has reviewed the motion, the government's response [D.E. 144], Defendant Miller's Reply [D.E. 214], and pertinent portions of the record in the case. For the foregoing reasons Defendant Miller's motion to dismiss should be denied.

*I.*    **BACKGROUND**

In September 2006, the government prepared a Mutual Legal Assistance Treaty ("MLAT") request to Brazil for assistance in investigating alleged financial

malfeasance by Helio Castroneves, Katiucia Castroneves, their father Helio P. De Castro Neves and several legal entities (naming Defendant Miller as a shareholder or officer of the entities).  On October 3, 2006, the government presented the MLAT request it had sent to Brazil to the Unites States District Court for the Southern District of Florida in an application to obtain a sealed order suspending the statute of limitations, pursuant to 18 U.S.C. § 3292.  On October 6, 2006, a District Judge approved the government's application and issued a sealed ex parte order suspending the running of the statute of limitations, specifically naming the Castroneves Defendants and their father Helio P. De Castro Neves in the order.

The Grand Jury indicted Helio Castroneves, Katiucia Castroneves, and Alan R. Miller on October 2, 2008 [D.E. 1].  Counts Three and Four charge all three defendants with engaging in tax evasion, in violation of 26 U.S.C. § 7201, for taxes owed in the calendar year of 2000 and 2001, respectively.  The Castroneves Defendants, unaware of the sealed ex parte tolling order, filed a motion to dismiss these counts of the indictment for a violation of the applicable six-year statute of limitations. [D.E. 99].[1]  Defendant Alan Miller summarily joined in the motion to dismiss to the extent he was also a named defendant to these counts contrary to the statute of limitations. [D.E. 115].

In response to the motion to dismiss, the government disclosed to the defendants that the statute of limitations had been tolled pursuant to its MLAT request and

---

[1] The Castroneves Defendants also moved to dismiss Count Two on the same basis.  Defendant Alan Miller, the defendant at issue here, was not charged in Count 2 of the indictment.

§ 3292. The government concluded that the statute of limitations on these counts had thus not yet expired as of the date of the indictment.[2]

Upon discovery of the sealed order, the Defendants filed a joint motion to compel disclosure of the sealed Order's underlying MLAT-related documents to determine the validity of the order. [D.E 166]. After a hearing on that motion, the Court granted in part the Defendants' motion to compel disclosure of the MLAT-related materials. [D.E. 200]. The government complied with that Order and produced the application, the supporting affidavit, and the correspondence received from the Brazilian authorities in response to the government's MLAT request. [D.E. 201].

Following the government's supplemental production, as well as the supplemental affidavit of the government's case agent authenticating the documents the government received from the Brazilian authorities [D.E. 213], the Castroneves Defendants agreed to withdraw their motion to dismiss counts two, three and four of the indictment based upon the tolling Order. [D.E. 216].

Nevertheless, Defendant Miller has not withdrawn his joinder to the original motion to dismiss. The Court thus denied the motion to dismiss as moot except as it

---

[2] The government also argued that the statute of limitations did not begin to run until 2004, based on affirmative acts of evasion that continued through that period, and thus even without the MLAT Order the motion should have been denied. The government's argument, however, was primarily directed at affirmative acts of evasion that the Castroneves Defendants purportedly engaged in, not Defendant Alan Miller. But even if they applied to Defendant Miller, that argument is rather questionable. The application of § 3292 is not; therefore, we will focus on the applicability of the tolling order to determine whether or not to deny the pending motion.

relates to Defendant Miller's motion to dismiss counts three and four that still remains to be adjudicated. [D.E. 217].

It is Defendant Miller's contention that because his name was excluded from both the government's application and the Court's Order tolling the statute of limitations, it cannot apply to him. Additionally, Defendant Miller argues that by naming him in the MLAT request, the government was aware of his potential involvement and thus had to have named him in the order for the resulting tolling Order to have any application to him. As a result, his motion to dismiss counts three and four must be granted because the statute of limitations clearly expired with respect to his involvement in those counts in 2007.

The government, however, argues that 18 U.S.C. § 3292 is offense-specific, which means that the government did not have to identify Defendant Miller by name in the application, nor did the Court have to identify him by name in the tolling Order itself before it could be used against him. The government concludes that the motion to dismiss should be denied.

## II.  ANALYSIS

The pending motion to dismiss as to Defendant Miller depends entirely upon our construction of 18 U.S.C. § 3292, a statute enacted in 1984 that permits the government to apply to a court for entry of an ex parte tolling order that suspends the running of a criminal statute of limitations during the period that evidence is being obtained from a foreign country, which evidence relates to a grand jury's investigation. The statute provides, in pertinent part:

> Upon application of the United States, filed before return of an indictment, indicating that evidence of an *offense* is in a foreign country, the district court before which a grand jury is impaneled to investigate the *offense* shall suspend the running of the statute of limitations for the *offense* if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears . . . that such evidence is, or was, in such foreign country.

18 U.S.C. § 3292(a)(1) (emphasis added).

In construing this statute, we begin, as we must, with its plain and unambiguous language. *See, e.g., Reeves v. Astrue*, 526 F.3d 732, 734 (11th Cir. 2008) (statutory interpretation begins and ends with the text of the statute so long as the text's meaning is clear). Based on this statute's plain and unambiguous language, § 3292 is offense-specific. The statute contemplates a tolling application from the government related to a grand jury's investigation of certain offenses whose limitations periods may be expiring. The reviewing court must find that an official request to a foreign country is being made for evidence of those offenses. The statute, on its face, does not require the government to identify who the suspected individuals are, nor does it require the court to identify those individuals by name in the tolling order.

Though the Eleventh Circuit has never addressed this precise question, our District has. Judge Jordan, in an exhaustive analysis of the statute's requirements in response to a motion to dismiss for a violation of a statute of limitations, found that the statute is in fact offense-specific. *United States v. Trainor*, 277 F. Supp. 2d 1278, 1283 (S.D. Fla. 2003) (clearly stating that "tolling under § 3292 is offense-specific, and not person-specific"), *aff'd,* 376 F.3d 1325 (11th Cir. 2004). Judge Jordan's offense-specific finding was central to the Court's conclusion that the statute was not a violation of due process based on the ex parte nature of the application. The Court found that, because

the statute is offense-specific, not person-specific, investigated individuals are not entitled to notice of what specific actions the grand jury was taking, thereby permitting the government to obtain a tolling order through an ex parte proceeding.

Other courts have reached the same conclusion in response to arguments like the ones raised here. *See United States v. Ratti*, 365 F. Supp. 2d 649 (D. Md. 2005); *United States v. Neill*, 952 F. Supp. 831 (D.D.C. 1996). Because the statute is offense-specific, there is no requirement for the government's application or the Court's order to list the name of every potential participant of the offense(s) under investigation. As the court in *Neill* stated, to hold otherwise "would penalize the government for a lack of omniscience as to who was involved in [the] offenses under investigation." *Neill*, 952 F. Supp. at 834.

We agree. The Court's tolling Order suspended the running of the statute of limitations with respect to the offense of tax evasion (along with other offenses identified in the government's application), which applies to Defendant Miller the same way as it applies to the Castroneves Defendants in counts three and four of the indictment. The Court's Order was thus plainly offense-specific. "IT IS FURTHER ORDERED that the running of the statute of limitations *for the offenses set forth in the government's application* is hereby SUSPENDED . . . ." [D.E. 214-4 at 3] (emphasis added). Accordingly, counts three and four are not barred by the statute of limitations because the grand jury timely indicted these defendants for that offense.

Defendant Miller urges the Court to rule otherwise. Defendant Miller argues that as neither the government's application, nor the Court's order, mention him by name the tolling order did not apply to him. In other words, Defendant Miller

concludes that the statute is person-specific. While we acknowledge that Defendant Miller was not identified by name in these documents, the argument that this excludes him from the tolling is simply not persuasive. We find, as others have, that the the language of the statute is offense-specific. Thus, naming Defendant Miller in the tolling application or order is not required to suspend the running of a statute of limitations.

Additionally, while Defendant Miller was not specifically named in the application or order, the government clearly alluded to other potential participants in its tolling application. "Federal Grand Jury No. 06-105 (MIA), as well as any predecessor or successor grand juries, is investigating whether *certain individuals*, including [the Castroneveses] violated the following possible criminal offenses." [D.E. 214-3] (emphasis added). The government's application was addressed to the Castroneveses as well as all other individuals involved in the specific offenses under investigation. Thus, the statute tolls the applicable statute of limitations, for all potential participants, while the government further investigates the offense(s).

Perhaps if the government's application named only the Castroneveses, *to the exclusion of all others*, then Defendant Miller could make a colorable argument that he was specifically excluded, not by the statute but by the scope of the government's request. But, with the addition of that inclusive language in this application, the government preserved its ability to extend the tolling order to third parties later discovered in their investigation. This is certainly in keeping with the offense-specific nature of the statute.

Next, Defendant Miller contends that the court's rationale in *Neill* does not apply to this case. The first issue in *Neill* was whether or not 18 U.S.C. § 3292 was offense-specific. *Neill*, 952 F. Supp. at 832. That issue, like here, was resolved affirmatively. The second issue in *Neill* was whether the MLAT-request needed to request evidence specifically relating to the defendant to properly toll the statute of limitations. *Id.* at 833. *Neill* held that, although the defendant was not mentioned in the MLAT-request, the tolling order applied to him because § 3292 was offense-specific. *Id.* The court explained that that an alternative "interpretation would penalize the government for a lack of omniscience as to who was involved in offenses under investigation." *Id.* at 834. Consequently, contrary to Defendant Miller's argument, the court's analysis in *Neill* clearly applies to the MLAT request here.

Defendant Miller also points out that the government's application in this case mentioned him as being potentially involved with two entities under investigation by the government, Castroneves Racing, Inc. and Castroneves Racing, LLC. Therefore, Defendant Miller argues that the government, by requesting information about him, was aware of his existence and potential involvement and should have included him in the tolling order. Defendant concludes that the *Neill* rationale is inapplicable to his case. [D.E. 214].

Though this is a clever argument, the Court finds nonetheless that it still cannot carry the day because § 3292 is only offense-specific and makes no requirement, regardless of the government's level of knowledge, to include certain individuals in the tolling application or order. What the statute plainly requires is that the government

identify the specific offenses that are being investigated by the grand jury. The government complied with that requirement in this case.

Furthermore, the Court disagrees with Defendant Miller's argument that this interpretation would inappropriately expand § 3292 to apply to "any individual who may have committed the offense." [D.E. 214]. The purpose of the statute is to uncover evidence in a foreign country as this evidence relates to specific offense(s) under investigation by that particular grand jury. Thus, the names that may be referenced in the government's application or the tolling order should not serve to frustrate or confine the government's investigation. In this way, this offense-specific interpretation will avoid potential scenarios such as this: the government names participant X in a § 3292 tolling order but later discovers, through responsive evidence from a MLAT request, that participant X is simply a front for the actual and concealed participants; however, where the order did not name these later discovered participants they are free from prosecution by virtue of the statute of limitations. Permitting this result would defeat the very purpose that Congress had in mind in enacting 18 U.S.C. § 3292.

Therefore, the proper construction of this statute should allow the tolling order to reach any individual involved in an offense that is being investigated, even if later discovered through evidence relating to the MLAT request, and not just those particular individuals that the government identifies at the time of the application. Under this interpretation, the tolling Order here squarely applies to Defendant Miller. The statute of limitations applicable to counts three and four of this indictment, therefore, was not violated. The motion to dismiss should be denied.

### III.  CONCLUSION & RECOMMENDATION

For the foregoing reasons, it is hereby recommended that:

1.  Defendant Miller's Motion to Dismiss Counts Three and Four of the Indictment [D.E. 115] be **DENIED**.

2.  Pursuant to S.D. Fla. Local Mag.J. R.4(b), the parties have *three* business days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge.  Given the imminent trial date, the Court is expediting the time period for objections, as authorized by Rule 4(b).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of any findings in the Report and Recommendation and bar the parties from attacking on appeal the findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144,1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F. 2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982 (en banc); 28 U.S.C. § 636 (b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 26th day of February, 2009.

                                                            EDWIN G. TORRES
                                                            United States Magistrate Judge